IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LORI WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Civil Action No. 2:07-cv-2694 |
| HILTON HOTELS CORP. D/B/A ) | |
| HAMPTON INN, DOE PROFESSIONAL ) | |
| ENTITY D/B/A SCE PARTNERSHIP, ) | |
| and HOVHANNES PETROSYAN, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HILTON
HOTELS CORP. MOTION FOR PARTIAL DISMISSAL**

Plaintiff, Lori Washington, through her undersigned counsel, submits this response in opposition to Defendant Hilton Hotels Corp.'s Motion for Partial Dismissal.

I.   INTRODUCTION

Lori Washington (hereinafter "Plaintiff") commenced this action against Defendants in the Court of Common Pleas for the Ninth Judicial Circuit, Charleston County, South Carolina. Defendant Hilton Hotels Corp. ("Hilton") removed the case to this court. The Complaint alleges four causes of action against Hilton – (1) Title VII Gender Discrimination; (2) Negligence; (3) Negligent Hiring, Supervision and Retention; and, (4) Infliction of Emotional Distress. Hilton answered Paragraphs 1 – 64 of the Complaint and filed this Motion to Dismiss paragraphs 65 – 86 (Plaintiff's causes of action 2 – 4) on August 29, 2007.

The relevant facts as alleged in the Complaint for the purposes of this Motion to dismiss are as follows:

Hilton is the owner and operator of Hampton Inn in Mount Pleasant, South Carolina. Plaintiff worked at Hampton Inn as a housekeeper from April 2004 to July 2004. Complaint ¶19. Plaintiff was supervised by Althea Washington and Debra Williams ("Ms. Washington" and "Ms. Williams"). Complaint ¶5. Defendant Hovhannes Petrosyan ("Petrosyan"), was either an employee of Hilton or Defendant Doe Professional Entity ("SCE"), who performed maintenance at the Hampton Inn. Complaint ¶10. Petrosyan performed maintenance at the Hampton Inn pursuant to an "agreement, contract or joint venture" between Hilton and SCE. Complaint ¶20. Harold Washington ("Mr. Washington"), Petrosyan's supervisor, was an employee of either Hilton or SCE. Complaint ¶¶12, 18. In about April 2004, Plaintiff reported sexual advances by Petrosyan to her supervisors Ms. Washington and Ms. Williams. Complaint ¶¶22, 23. Ms. Washington, Ms. Williams and Mr. Washington intentionally encouraged and facilitated Petrosyan's sexual advances towards Plaintiff by ridiculing Plaintiff and by encouraging Petrosyan's behavior. Complaint ¶26. During the time they ridiculed and encouraged Petrosyan, Ms. Washington, Ms. Williams and Mr. Washington had observed and were personally aware of Petrosyan's behavior towards Plaintiff. Complaint ¶29. Ms. Washington, Ms. Williams and Mr. Washington were aware that Plaintiff did not welcome Petrosyan's sexual advances towards her. Complaint ¶30. Despite Plaintiff's express complaints of Petrosyan's open and wrongful behavior towards her, Hilton failed to take any action whatsoever to stop Petrosyan's harassment of Plaintiff. Complaint ¶31. Plaintiff specifically asked her supervisors to stop encouraging Petrosyan, however Ms. Washington, Ms. Williams and Mr. Washington continued to tease Plaintiff about the situation and encourage Petrosyan's advances.

Complaint ¶33.  On or about July 22, 2004, Plaintiff was instructed to work with Petrosyan in unsupervised, vacant hotel rooms.  Complaint ¶34.  Plaintiff specifically informed Mr. Washington that she was uncomfortable with working with Petrosyan and requested she be assigned a different maintenance man.  Complaint ¶35.  Despite this request, Plaintiff was instructed and required to work with Petrosyan.  Complaint ¶36.  Shortly thereafter, Petrosyan attempted to kiss Plaintiff and told her to get on a bed (in a room of the Hampton Inn).  Complaint ¶37.  Plaintiff reported Petrosyan's acts to Mr. Washington, who disregarded her complaint, forcing Plaintiff to continue working in unsupervised and unoccupied hotel rooms with Petrosyan.  Complaint ¶¶38, 39.  Later the same day, Petrosyan grabbed Plaintiff, started kissing her, touched her breasts and openly attempted to engage in a sexual act with her.  Complaint ¶40.

## II.     MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P.12(b)(6).  A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts to support a claim for relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Hall v. Commonwealth of Virginia, 385 F.3d 421, 427 (4th Cir. 2004).  The federal rules require only a short and plain statement of the claim. Fed.R.Civ.P.8 (a)(2).  In ruling on a motion to dismiss, the court "accepts as true the facts alleged in the complaint, views them in the light most favorable to the plaintiff, and recognizes that dismissal is inappropriate 'unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which can be proved in support of his claim.'" Ostrzenski v. Seigel, 177 F.3d 245,

251 (4th Cir. 1999), *citing* <u>Mylan Lab., Inc. v. Matkari</u>, 7 F.3d 1130 (4th Cir. 1993) (emphasis added.)  Furthermore, the purpose of a motion to dismiss is simply to test the sufficiency of the complaint because it "does not resolve contests surrounding the facts, the merits of a claim or the applicability of defenses;" and, in testing the sufficiency of the complaint, the court must draw all reasonable inferences from those facts in favor of the plaintiff. <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243-244, citing <u>Republican Party v. Martin</u>, 920 F.2d 943, 952 (4th Cir. 1992).

>   III.   <u>THE FACTS ALLEGED IN THE COMPLAINT RAISE SUFFICIENT FACTUAL INFERENCES SUPPORTING NEGLIGENCE, NEGLIGENT HIRING, SUPERVISION and RETENTION and INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT HILTON HOTELS CORP.</u>

Plaintiff's Second, Third and Fourth causes of action arise out of the actions of Hilton's employee's/supervisors beginning in April 2004 through the assault on Plaintiff on July 22, 2004.  The facts as alleged in the complaint, and taken in the light most favorable to Plaintiff with all reasonable inferences from the facts in Plaintiff's favor demonstrate that Hilton supervisors were not only aware of Petrosyan's sexual advances towards Plaintiff from her complaints through personal observation, but that those supervisors expressly disregarded Plaintiff's complaints and requests for protection from Petrosyan intentionally, actively and specifically encouraged Petrosyan to continue sexual advances towards Plaintiff.

While it is true that generally, the South Carolina Worker's Compensation Statute provides the exclusive remedy for employees who sustain a work related injury, the work related injury must be the result of an accident.  S.C. Code Ann. §42-1-540.  However,

the South Carolina Supreme Court recognizes exceptions to the exclusivity provision which are applicable to Hilton's Motion for Partial Dismissal.

### A. The Complaint Raises a Factual Inference that Hilton's Actors were the Alter Ego of the Corporation.

One exception is where the tortfeasor/co-employee is the "alter-ego" of the employer. Dickert v. Metropolitan Life Ins. Co., 311 S.C. 218, 220, 428 S.E.2d 700,701 (1993). The Court defined "alter ego" as "dominant corporate owners and officers" who may constitute alter egos. Id. at 221, 428 S.E.2d at 701. In this case, Plaintiff's complaint alleges that Ms. Washington, Ms. Williams and Mr. Washington were supervisors at the Hampton Inn, and all three were aware of Petrosyan's unwanted sexual advances towards Plaintiff. The complaint further alleges none of the three individuals took any steps to protect Plaintiff following her complaints or their observations and actively and specifically encouraged Petrosyan's behavior towards Plaintiff. These supervisors decisions to ignore Plaintiff's complaints of sexual harassment on behalf of Hilton raises the inference that one or all of them were corporate officers – with the ability to make the decision on behalf of the Hampton Inn in Mount Pleasant regarding Plaintiff's complaints. The allegations also raise the inference that at least one, if not all three of these individuals had the knowledge and authority to stop Petrosyan's behavior, but elected not to do so pursuant to their corporate authority. Unlike the facts in Dickert, the facts as alleged here, with all reasonable inferences arising taken in the light most favorable to Plaintiff, Ms. Washington, Ms. Williams and Mr. Washington were "alter egos" of Hilton, precluding the application of S.C. Code Ann. §42-1-540 on Plaintiff's Second, Third and Fourth causes of action. The Dickert case did not involve the unacceptable ridicule and encouragement alleged in this case.

5

### B. The Complaint Raises a Factual Inference that Hilton's Employees Acted With Willful and Specific Intent

Another exception to S.C. Code Annotated Section 42-1-540's exclusivity provision is where the injury is not the result of an "accident". "It is well settled that a common law cause of action is not barred by section 42-1-540 if the employer acted with a deliberate or specific intent to injure the employee. Peay v. U.S. Silica Co., 313 S.C. 91, 93, 437 S.E. 2d 64, 65 (1993), *citing* McSwain v. Shei, 304 S.C. 25, 402 S.E.2d 890 (1991), *see* Nash v. AT & T Nassau Metals, 294 S.C. 248, 363 S.E.2d 695 (S.C.App. 1987), reversed 298 S.C. 428, 381 S.E.2d 206. " 'Intent' is a state of mind about the consequences of an act. In its most narrow sense, 'intent' denotes an actor's specific desire to cause the consequences of his act." Id. (internal citations omitted). Injuries inflicted by an employer who acts with specific intent to injure are exempted from S.C. Code Ann. Section 42-1-540. Peay, *supra* at 94, 437 S.E. 2d at 65-66. As alleged in the Complaint, Hilton's supervisors at the Hampton Inn actually ridiculed Plaintiff for her repeated complaints of unwanted sexual advances by Petrosyan; and far worse, actually encouraged Petrosyan to continue his sexual advances. In the light most favorable to Plaintiff, these intentional acts raise a factual inference of specific intent to harm Plaintiff in the manner alleged in her Complaint. Mr. Washington's failure to address Plaintiff's specific request that Petrosyan be moved from her floor because of Petrosyan's grabbing her, attempt to kiss her and instruction for her to get on the bed on July 22, 2004, raises a factual inference that Mr. Washington actually intended what occurred that same day – Petrosyan's physical assault on Plaintiff. Complaint ¶¶ 37 - 40. Based upon these allegations, with reasonable inferences in the light most favorable to Plaintiff, Ms. Washington, Ms. Williams and Mr. Washington acted with the specific intent to harm

6

Plaintiff as alleged in the Complaint, precluding the application of S.C. Code Ann. §42-1-540 on Plaintiff's Second, Third and Fourth causes of action.

### C.  Petrosyan Was Not an Employee of Hilton

The second paragraph of Section 42-1-540 states as follows:  ". . . [T]his limitation of actions shall not apply to injuries resulting from acts of a subcontractor of the employer or his employees . . ."  S.C. Code Ann. §42-1-540.  Plaintiff has alleged that Petrosyan was employed by SCE and not Hilton (Complaint ¶10); and that Petrosyan was working on the premises of Hampton Inn pursuant to "an agreement, contract or joint venture" between SCE and Hilton.  As such, the Complaint raises factual inferences precluding the application of the exclusivity provision due to Petrosyan's employment status, his employer's identity, the nature of his job, and the nature of the relationship between SCE and Hilton.  With all reasonable inferences arising from the facts alleged and taken in the light most favorable to Plaintiff, S.C. Code Annotated Section 42-1-540, by its own language, would not apply to Plaintiff's Second, Third and Fourth causes of action.

### CONCLUSION

The Defendant Hilton has failed to meet the substantial burden required at the motion to dismiss stage of this case.  For the reasons set forth above, and for such reasons presented at a hearing or otherwise, Plaintiff respectfully requests that Defendant Hilton Hotels Corp. Motion for Partial Dismissal be denied.

Respectfully submitted,

GRAHAM-PHELAN LAW OFFICES

By: /s/ Brian D. Phelan

    Brian D. Phelan (Fed. Bar No. 7937)
    192 East Bay Street, Suite 303
    Charleston, S.C. 29401
    Telephone No.: (843) 722-6220
    Fax No.: (843) 722-6338
    E-mail:    bphelan@grahamlawfirm.net
    Attorneys for Plaintiff

September 17, 2007