IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| LORI WASHINGTON, | Civil Action No. 2:07-2694-CWH-BM |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| HILTON HOTELS CORP. D/B/A HAMPTON INN, DOE PROFESSIONAL ENTITY D/B/A SCE PARTNERSHIP, and HOVHANNES PETROSYAN, | |
| Defendants. | |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Ninth Judicial Circuit, and was subsequently removed to this Court on the grounds of both federal question and diversity jurisdiction. Plaintiff, an employee of the Defendant Hilton Hotels Corp. d/b/a Hampton Inn (hereinafter Hilton Hotels), originally asserted four causes of action in her complaint. However, by Order filed March 17, 2008, Plaintiff's second, third and fourth causes of action were dismissed. See Court Docket Nos. 24, 28. Therefore, only Plaintiff's first cause of action remains pending in this case.

The Defendant Hilton Hotels filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on January 16, 2009.[1] Plaintiff filed a memorandum in opposition to the

---

[1] The remaining two Defendants, Doe Professional Entity d/b/a SCE Partnership and
(continued...)

1

Defendant's motion on February 4, 2009, following which the Defendant filed a reply memorandum on February 24, 2009. This Defendant's motion is now before the Court for disposition.[2]

## Background and Evidence

Considered in the light most favorable to the Plaintiff, the record before this Court shows that Plaintiff was employed by Hilton Hotels as a housekeeper at the Hampton Inn in Mount Pleasant, South Carolina from April 2004 through July 2004.[3] The Defendant Petrosyan (hereinafter "Nick") was a maintenance worker at the Hampton Inn.[4] Nick was supervised by Harold Washington, the maintenance supervisor, while Plaintiff was supervised by Althea Washington, as well as by Debra Williams. See Plaintiff's Exhibit A, ¶ 5.

Shortly after Plaintiff began working at the Hampton Inn, Nick began making sexually suggestive comments to her. Initially he began looking at Plaintiff in a strange way and licking his lips. Then when she asked him to take the trash out, he would reply that he would only

---

[1](...continued)
Hovhannes Petrosyan, have never been served with process in this case, and no responsive pleadings have ever been filed on their behalf. These two Defendants are, therefore, entitled to dismissal as party Defendants in this case, without prejudice. See Rule 4(m), Fed.R.Civ.P. The issuance of this Report and Recommendation constitutes notice pursuant to this Rule.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant Hilton Hotels has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3] Plaintiff attests she has been on an "unpaid leave of absence" since approximately July 23, 2004. See Plaintiff's Exhibit A, ¶ 2.

[4] It does not appear to be disputed that the Defendant Doe Professional Entity d/b/a SCE Partnership (SCE) was employed by Hilton Hotels as a maintenance contractor for the Hampton Inn, and that Nick was employed by SCE. Plaintiff alleges, however, that the maintenance workers supplied by SCE reported to, and were directly supervised by employees of the Defendant Hilton Hotels. See Complaint, ¶¶ 12-15, 21.

2



do so if Plaintiff gave him a kiss. See Plaintiff's Exhibit A, ¶¶ 5-6; Plaintiff's Exhibit B, pp. 200, 202. Nick would also blow her kisses. In June 2004, Nick told the Plaintiff that he could not sleep because he dreamed about her and that he saw her face all over his room. See Plaintiff's Exhibit A, ¶¶ 7; Plaintiff's Exhibit B, p. 209. Plaintiff testified that this type of conduct occurred "just about every day", and that she repeatedly told Nick to leave her alone and complained to her supervisors about Nick's conduct, but they refused to take any action and even teased her about it. See Plaintiff's Exhibit A, ¶¶ 6-8; Plaintiff's Exhibit B, pp. 204-205, 209-210, 219, 222-223, 244. Plaintiff's Exhibit B, pp. 204-205, 209-210. Plaintiff testified that her supervisors would also kid around about Nick's conduct in front of both her and Nick, thereby encouraging his conduct. See Plaintiff's Exhibit B, p. 249.

One day in June 2004, Plaintiff went to the Hampton Inn to pick up her paycheck. Nick was at work that day and Althea Washington made the comment in front of both Nick and the Plaintiff that Plaintiff was wearing "white pants so Nick can see her". See Plaintiff's Exhibit B, p. 238; Plaintiff's Exhibit F, p. 106. At that point, Nick charged at the Plaintiff with his hands out towards the Plaintiff, causing Plaintiff to run and lock herself in Althea Washington's office. See Plaintiff's Exhibit B, pp. 238-239. Despite this conduct, management continued to allow Nick to work around the Plaintiff, and when Plaintiff complained, everyone treated it like a joke and started laughing. See Plaintiff's Exhibit B, pp. 244, 257. Finally, on July 22, 2004, while Plaintiff was cleaning a room, Nick came in and grabbed her when she was bending down to pick up some towels. Nick tried to kiss her, but Plaintiff pushed him away and told him to never touch her again. See Plaintiff's Exhibit A, ¶ 12; Plaintiff's Exhibit B, p. 258. Nick then told her to get into the bed, following which Plaintiff demanded that he get out of the room. See Plaintiff's Exhibit B, pp. 258.



Plaintiff again complained to Harold Washington about Nick's conduct, but Washington took no corrective action. See Plaintiff's Exhibit B, p. 259. Subsequently, when Plaintiff was in another room in the hotel, Nick grabbed her from behind and bear hugged her, rubbing her breasts with his hands and trying to kiss her. See Plaintiff's Exhibit A, ¶ 13; Plaintiff's Exhibit B, pp. 260-261; Plaintiff's Exhibit C, p. 3; Plaintiff's Exhibit D, p. 5. Plaintiff broke away and ran out of the room, observing as she left that Nick's pants were unzipped and that he was rubbing his genital area. See Plaintiff's Exhibit B, pp. 262, 270.

Plaintiff reported Nick's conduct, and this time he was brought to her to apologize, even though she had stated that she did not want to see him. See Plaintiff's Exhibit A, ¶ 14; Plaintiff's Exhibit B, pp. 264-266; Plaintiff's Exhibit E, ¶ 13. Further, even though this assault had been reported to Debra Williams, Williams did not call anyone or report Nick's conduct. See Plaintiff's Exhibit F, pp. 65-66. Plaintiff then filed a report with the Mount Pleasant Police, following which Nick was arrested and charged with assault and battery of a high and aggravated nature. See Plaintiff's Exhibit A, ¶ 15; Plaintiff's Exhibit C; Plaintiff's Exhibit D.[5]

Plaintiff also filed an administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC), which resulted in a "cause" determination. See Plaintiff's Exhibit H. Plaintiff then filed this lawsuit, alleging in her first cause of action that she was the victim of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. As noted, Hilton Hotels has moved for summary judgment on this claim.

---

[5]The parties represent that Nick, an illegal immigrant, has since been deported back to Russia, his native country. See Defendant's Memorandum in support of Summary Judgment, p. 2; Plaintiff's Deposition, p. 188.

4



### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56©, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that Hilton Hotels is not entitled to summary judgment on this claim.

To avoid summary judgment on her hostile work environment claim, Plaintiff must present evidence sufficient to give rise to a genuine issue of act as to whether: 1) she was subjected to unwelcome conduct in a work related setting; 2) the conduct complained of was based on her gender; 3) the conduct was sufficiently severe or pervasive to alter her condition of employment and to create an abusive work environment; and 4) the conduct is imputable on some factual basis to her employer. Ocheltree v. Scollon Productions, Inc., 308 F.3d 351, 356 (4th Cir. 2002) rehearing en banc, 335 F.3d 325 (4th Cir. 2003), cert. denied, 124 S.Ct. 1406 (2004); Spicer v. Com.of Va. Dep't of Corrections, 66 F.3d 705, 710 (4th Cir. 1995); Brown v. Perry, 184 F.3d 388, 393 (4th Cir. 1999). Defendant Hilton Hotels does not contest, at least for purposes of summary judgment, that Plaintiff has submitted sufficient evidence to establish elements one and four of her hostile work environment claim. However, Defendant argues that Plaintiff has failed to submit sufficient evidence to give rise to a genuine issue of fact as to whether the conduct complained of was based on her gender, or was



sufficiently severe or pervasive to alter her condition of employment and to create an abusive working environment. The undersigned does not agree.

With respect to whether the conduct at issue was based on Plaintiff's gender, Defendant argues that Plaintiff has presented no evidence to demonstrate that she was subjected to any different treatment on a day to day basis than any other employee, male or female. Defendant also argues that there is no evidence that Nick engaged in the conduct alleged "because of" Plaintiff's sex. Both of these arguments are patently without merit. While Defendant cites to the case of Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75 (1998), as support for its argument, there is nothing in that case which supports the defense being asserted. To the contrary, the Supreme Court in Oncale specifically stated that it is reasonable for both courts and juries to assume an inference of discrimination in male-female sexual harassment situations since, "because the challenged conduct typically involves explicit or implicit proposals of sexual activity; it is reasonable to assume those proposals would not have been made to someone of the same sex." Oncale, 523 U.S. at 80. That is exactly the situation the Court is faced with in the case at bar, with Nick's conduct either explicitly or implicitly involving suggestions of sexual activity, whether merely kissing or more serious activity. Cf. Everston v. State of NY Mort. Agency, No. 89-7474, 1992 WL 6190 at *7 (S.D.N.Y. Jan. 3, 1992) [[Plaintiff] need not come forward with a 'smoking gun' attesting to [Defendant's] discriminatory intent in order to avoid summary judgment....]

Defendant presents a stronger argument with respect to whether the conduct alleged was sufficiently severe or pervasive to alter Plaintiff's condition of employment and to create an abusive work environment, as isolated or sporadic comments by an alleged harasser are not sufficient to create a hostile work environment, nor is simple teasing or similar activities. See generally

6



Hopkins v. Baltimore Gas & Electric Co., 77 F.3d 745, 754 (4th Cir. 1996) ["Title VII was not designed to create a federal remedy for all offensive language and conduct in the work place."]; Guidry v. Zale Corp., 969 F.Supp. 988, 990 (M.D.La. 1997) [isolated comments do not constitute severe or pervasive conduct]; Cram v. Lamson & Sessions, 49 F.3d 466, 474 (8th Cir. 1995) [sporadic or casual comments are unlikely to support a hostile work environment claim]; cf. Faragher v. City of Boca Raton, 524 U.S. 775, 778 (1998)[simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment]. Defendant argues that, up until the incident of July 22, where Plaintiff was assaulted by Nick, all Plaintiff had endured were occasional sexual innuendoes and teasing, while the assault of July 22 was itself only a one time incident.

However, while Defendant points to evidence in the file to support its argument that the conduct complained of did not rise to the level of "severe and pervasive", including comments Plaintiff herself made which could be used at trial to possibly discredit her testimony; see Defendant's Exhibit A, p. 233; Defendant's Reply Exhibit B, pp. 195-197; the undersigned does not find based on the evidence presented that "[n]o reasonable trier of fact could conclude" that the conduct Plaintiff endured was sufficiently severe or pervasive to alter Plaintiff's condition of employment and create an abusive work environment. Spratley v. Hampton City Fire Dept., 933 F.Supp. 535, 542 (E.D.V. 1996), aff'd, 125 F.3d 848 (4th Cir. 1997); see Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986)[at summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor"]. Considered in the light most favorable to the Plaintiff, the evidence shows that Nick began harassing her within weeks of her beginning her employment at the Hampton Inn, that this harassment consisted of verbal

7



comments such as telling Plaintiff of his dreams about her and asking for kisses as well as physical manifestations such as licking his lips when looking at her and blowing her kisses; that Nick's conduct toward her was a constant condition of her work environment throughout her period of employment; that she repeatedly told Nick to stop harassing her and also repeatedly complained to her superiors about Nick's conduct, but that nothing was ever done, with her superiors even joining in on the teasing of her; that on one occasion, after suggestive comments were made by a supervisor, Nick charged at the Plaintiff with his hands held out, causing her to have to lock herself in an office to keep him from grabbing her; that management still took no action following this incident; and that Nick then confronted Plaintiff alone in a motel room, grabbing her and trying to kiss her and telling her to get on a bed with him; followed by a confrontation in a second motel room where Nick grabbed her, fondled her breasts, and tried to kiss her; all after several months of Plaintiff having asked the Defendant's management to do something to stop his harassing behavior.

A trier of fact could find this conduct to have created an abusive work environment based on Plaintiff's gender. Cf. Moser v. MCC Outdoor, L.L.C., 256 Fed.Appx. 634, 641 (4th Cir. Dec. 5, 2007)[Describing conduct endured and noting that it had all occurred during Plaintiff's "less-than-a-year tenure"]. See also Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993)["When the work place is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated"] (citations and internal quotation marks omitted); Oncale, 523 U.S. at 81 ["The objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances'"], citing Harris, 510 U.S. at 23. Therefore, the Defendant is not entitled to summary judgment based on the arguments

8



presented. Anderson, 477 U.S. at 255 ["Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts" are functions for the trier of fact]; see also Muhammad v. Klotz, 36 F.Supp.2d 240, 243 (E.D.Penn. 1999)["Thus, at the summary judgment stage the only inquiry is the threshold one of determining whether there is the need for a trial, that is, 'whether the evidence presents a sufficient disagreement to require submission to [the trier of fact] or whether it is so one-sided that one party must prevail as a matter of law'"], citing Anderson, 477 U.S. at 250-252.

## Conclusion

Based on the foregoing, it is recommended that the Defendants SCE and Hovhannes Petrosyan be **dismissed** as party Defendants, without prejudice, pursuant to Rule 4(m) Fed.R.Civ.P. It is further recommended that the Defendant Hilton Hotels' motion for summary judgment be **denied**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

June 15, 2009

Charleston, South Carolina



9

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).