IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lori Washington, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:07-2694-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Hilton Hotels Corp. d/b/a | ) | |
| Hampton Inn, | ) | **ORDER** |
| Doe Professional Entity d/b/a | ) | |
| SCE Partnership, and | ) | |
| Hovhannes Petrosyan, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the motion for summary judgment of the defendant Hilton Hotels Corp. d/b/a Hampton Inn ("Hampton Inn").

**I.     Plaintiff's Allegations**

From April of 2004 through July of 2004, the plaintiff, Lori Washington (the "plaintiff"), was employed at the Hampton Inn in Mount Pleasant, South Carolina as a housekeeper. Her managers were Althea Washington ("Althea"), the housekeeping supervisor, and Debra Williams ("Debra"), the assistant housekeeping supervisor. Hovhannes Petrosyan ("Nick"), was a maintenance worker at Hampton Inn and worked under the supervision of Harold Washington ("Harold"), the maintenance supervisor.[1]

The plaintiff asserts that shortly after she started working at Hampton Inn, Nick started

---

[1] Doe Professional Entity d/b/a SCE Partnership was employed by Hilton Hotels as a maintenance contractor for Hampton Inn. Nick was employed by SCE Partnership. The plaintiff alleges that the maintenance workers supplied by SCE Partnership reported to, and were directly supervised by, employees of Hampton Inn.

Page 1 of 10

making sexually suggestive comments and unwanted advances towards her. He would smile at her and tell her that she was pretty and sometimes would lick his lips and look at her in a strange way. One day, the plaintiff asked Nick to take out the trash. He responded that the only way he would take it out was if she gave him a kiss. The plaintiff refused and reported Nick's conduct to her supervisor, Althea. Althea told Nick to take out the trash, but did not address the sexual nature of Nick's behavior towards the plaintiff. Thereafter, each time Nick would take out the trash, he would tell the plaintiff that she owed him kisses. Sometimes he would blow kisses at her.

In June of 2004, Nick told the plaintiff that he could not sleep because he dreamed about her and saw her face all over the room. The plaintiff once again reported this to Althea, who responded "Lori, Nick really likes you." The plaintiff continued to report Nick's behavior to the supervisors, Althea, Deborah, and Harold, but they refused to take any action and even teased her about it despite the fact that she told them Nick's conduct made her uncomfortable. The supervisors would also kid around about Nick's conduct in front of both her and Nick, thereby encouraging his conduct.

In June of 2004, the plaintiff went to Hampton Inn on her day off to pick up her paycheck. Althea made a comment about the plaintiff's clothing, stating to Nick and others around them that "Lori wears them white pants so Nick can see her." Althea also told Nick to look at Lori and then asked Nick, "Don't she look good?" In response, Nick started moving quickly towards the plaintiff. She felt threatened and locked herself in Althea's office to get away from Nick. Thereafter, the plaintiff once again asked her supervisors to control Nick's behavior.

From April of 2004 to July of 2004, the plaintiff complained about Nick's conduct to Althea, Harold, and Debra. Despite all of the plaintiff's complaints to these supervisors, they continued to tease and ridicule the plaintiff about Nick, and Nick continued to make comments and gestures that made the plaintiff uncomfortable.

On July 22, 2004, while the plaintiff was cleaning a room, Nick came in and grabbed her as she was bending down to pick up some towels. Nick attempted to kiss the plaintiff but she pushed him away and told him never to touch her again. Later, when she was stripping sheets off of the bed, Nick told her to get in the bed. Lori responded by demanding that Nick get out of the room. The plaintiff complained about Nick's conduct to Harold, but Nick's supervisor did not do anything about it. Subsequently, when the plaintiff was in another room in the hotel, Nick grabbed her from behind and hugged her. He then rubbed her breasts with his hands and tried to kiss her. The plaintiff managed to break away from Nick and run out of the room. When she was leaving, she looked back and observed that Nick's pants were unzipped and that he was rubbing his genital area. The plaintiff reported this incident to Debra, but Debra did not report Nick's conduct to anyone.

After confiding in a friend about the incident, the plaintiff filed a police report with the Mount Pleasant Police. Thereafter, even though the plaintiff stated that she did not want to see Nick, Harold brought Nick to her and made him apologize. Nick was arrested and charged with assault and battery of a high and aggravated nature.[2] When the plaintiff returned to work on July 23, 2004, she was removed from her permanent work station. She felt paranoid, humiliated, and

---

[2] According to the parties, Nick, an illegal immigrant, has since been deported back to his native country of Russia.



alienated. Her coworkers treated her like she was a criminal for reporting Nick, and her supervisors would not talk to her. The next day, the plaintiff went to see a doctor, who instructed her not to return to work because of the emotional problems stemming from the assault.[3] Thereafter, the plaintiff filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which resulted in a determination that there was reasonable cause to believe that the plaintiff was sexually harassed in violation of Title VII.

## II. Procedural History

On April 30, 2007, the plaintiff commenced this action against Hampton Inn, Doe Professional Entity d/b/a SCE Partnership, and Hovhannes Petrosyan, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., in the Charleston County Court of Common Pleas.[4] On August 2, 2007, the defendant, Hampton Inn, timely removed the action to this Court on the grounds of both federal question and diversity jurisdiction. On August 29, 2007, Hampton Inn moved to dismiss the plaintiff's second, third, and fourth causes of action for failure to state a claim upon which relief may be granted, pursuant to the Federal Rule of Civil Procedure 12(b)(6). On January 14, 2008, Magistrate Judge George C. Kosko ("Magistrate Judge Kosko") issued a report analyzing the issues and recommending that Hampton Inn's motion for partial dismissal should be granted. On March 17, 2008, the Court adopted the magistrate judge's report and recommendation and granted Hampton Inn's motion for partial

---

[3] The plaintiff now sees a counselor once a week to deal with her emotional issues.

[4] Doe Professional Entity d/b/a SCE Partnership and Hovhannes Petrosyan have never been served with process in this case, and no responsive pleadings have ever been filed on their behalf. These two defendants are entitled to dismissal in this case without prejudice. See Fed. R. Civ. P. 4(m). The issuance of the report and recommendation on June 16, 2009 constituted notice pursuant to this rule.



dismissal.[5] Therefore, only the plaintiff's first cause of action, Title VII gender discrimination, remains pending in this case against Hampton Inn.

On January 16, 2009, Hampton Inn moved for summary judgment as to the Title VII gender discrimination claim. On February 4, 2009, the plaintiff responded in opposition to the motion for summary judgment. On February 24, 2009, Hampton Inn replied in support of its motion for summary judgment. On June 16, 2009, Magistrate Judge Bristow Marchant ("Magistrate Judge Marchant") issued a report analyzing the issues and recommended that Hampton Inn's motion for summary judgment should be denied. On July 14, 2009, Hampton Inn objected to the report and recommendation.

### III. Standard for Motion for Summary Judgment

When a party has moved for summary judgment, the judgment sought shall be rendered forthwith if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact and (2) he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 247, 248 (1986). An issue of such material fact is "genuine" if the evidence so offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257. In determining whether a genuine

---

[5] On September 10, 2008, Magistrate Judge Bristow Marchant was reassigned to this case.



issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962).

IV. **Defendant's Objections**

On July 14, 2009, the defendant made the following objections to the report and recommendation: (1) that there is no genuine issue of fact concerning whether the plaintiff was subjected to a hostile work environment that was severe and pervasive, and (2) that conflicting versions of the plaintiff's testimony should not have been considered to create an issue of fact. This Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. See 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the report and recommendation, or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1). Each objection is discussed in turn below.

1. **There is No Genuine Issue of Fact Concerning Whether Plaintiff was Subjected to a Hostile Work Environment that was Severe and Pervasive**

In order "[t]o establish sexual harassment based upon a hostile or abusive work environment, a plaintiff is required to prove four elements: '(1) the subject conduct was unwelcome; (2) it was based on the sex of the plaintiff; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) it was imputable on some factual basis to the employer.'" Ocheltree v. Scollon Productions, Inc., 308 F.3d 351, 356 (4th Cir. 2002) (quoting Spicer v. Virginia, 66 F.3d 705, 710 (4th Cir. 1995)). Title VII is violated when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's

employment and create an abusive working environment. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). The degree of abuse to which Lori Washington was exposed can be determined by examining all of the circumstances. Id. at 23. Relevant considerations "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id.

In its objection to the report and recommendation, the defendant asserts that the magistrate judge erred by finding that there is a genuine issue of fact concerning whether the plaintiff was subjected to a hostile work environment that was severe and pervasive. The defendant argues that Nick's behavior was not so objectively offensive as to alter the terms and conditions of the plaintiff's employment and to create an abusive work environment. The defendant also asserts that while the plaintiff may have subjectively found Nick's conduct to be annoying and offensive, much more is required in order to find that the conduct amounted to unlawful sexual harassment. The Court disagrees. As set forth in the plaintiff's allegations, throughout her short employment with Hampton Inn, Lori was subjected to Nick's sexual comments, inappropriate gestures, lewd behavior, and groping. Even after informing her supervisors that Nick made her feel uncomfortable, the plaintiff was continually exposed to Nick's offensive conduct, which created an abusive work environment. Moreover, the plaintiff's job was made more difficult when her superiors did not reprimand Nick or do anything to stop the offensive conduct, but instead acted in such a way that one might conclude that they facilitated the abusive work environment by encouraging Nick's behavior. After considering all of the circumstances, it is clear that a trier of fact could find this conduct to have created an



abusive work environment. Therefore, this objection is without merit.

2. **Conflicting Versions of Plaintiff's Testimony Should Not Have Been Considered to Create an Issue of Fact**

In the defendant's second objection, it asserts that the magistrate judge erred by allowing various conflicting versions of the plaintiff's testimony to create a question of fact that resulted in the recommendation that the Court deny the defendant's motion for summary judgment. The defendant relies on the Fourth Circuit Court of Appeals case of Rohrbough v. Wyeth Laboratories to support its proposition that a genuine issue of material fact is not created where the trier of fact will be called upon to determine which of the two conflicting versions of the plaintiff's testimony is correct. 916 F.2d 970, 975 (4th Cir. 1990). Rohrbough is distinguishable from the present case. In Rohrbough, the parents of a child who developed a seizure disorder after vaccines were administered brought a suit against the manufacturer of the vaccine on strict liability and implied and express warranty theories. The court held that an affidavit from the pathology expert stating that it was his opinion that the vaccine administered to the child caused neurological injuries was not sufficient to create a genuine issue of material fact precluding summary judgment in light of his prior contradictory deposition testimony. Id.

Unlike in Rohrbough, there are not two versions of the events in the present case that are in such conflict that the plaintiff's affidavit and deposition testimony should be disregarded. The defendant hinges its argument on the plaintiff's affidavit wherein she stated:

> 11. On approximately July 11, 2004, I was physically attacked by one of my coworkers named Deloris. A lot of people saw this attack, and I reported it to Ms. Washington. Ms. Washington told me that she would set up a meeting between Deloris and me so we could talk things out, but she never did. Once again, my complaint was ignored, and



> it started to make me feel as if I was in an unsafe work environment.

The defendant construes this statement to mean that the first time the plaintiff ever felt threatened or unsafe in the workplace was after that altercation with the female co-worker. A complete reading of the affidavit reveals that this is not the case. The plaintiff asserted in her affidavit that Nick's sexual advances in April of 2004, shortly after she started working at the Hampton Inn, made her feel uncomfortable. Moreover, throughout her employment, she continued to complain to her supervisors about Nick's comments and his sexual gestures towards her. The plaintiff also testifies that Nick's supervisor would tease her about Nick and ignored her complaints about him, which made her feel unsafe and humiliated. It is clear that Nick's conduct made the plaintiff feel unsafe as soon as she started working for Hampton Inn in April of 2004.

The defendant also focuses on the plaintiff's testimony wherein she stated that she and Nick had a "pleasant, nice" working relationship. The housekeeping and maintenance staff worked together on a daily basis. The plaintiff was required to work with Nick, and the fact the plaintiff was able to tolerate Nick on occasion when he was not groping her or acting inappropriately towards her does not negate the other incidents that created an abusive working environment for her. The plaintiff's statements in her affidavit and deposition testimony are not as inconsistent as the defendant alleges. Therefore, the magistrate judge was correct in considering the entire record and construing the facts in the light most favorable to the plaintiff.

V.  **Conclusion**

This Court has reviewed the entire record and agrees with Magistrate Judge Marchant's conclusions. For the reasons stated above, the Court adopts the report and recommendation and

denies the defendant's motion for summary judgment. SCE Partnership and Hovhannes Petrosyan are dismissed as party defendants without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[6]

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

September 17, 2009
Charleston, South Carolina

---

[6] Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time."